**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS DALE CATCHINGS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. LEWIS, DEPUTY DIRECTOR OF C.C.H.C.S.,<br><br>　　　　　　Defendant. | Case No. CV 17-3293 ODW (SS)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On May 2, 2017, Dennis Dale Catchings ("Plaintiff"), a California state prisoner proceeding pro se, filed a Complaint alleging violations under 42 U.S.C. § 1983, the American with Disabilities Act ("ADA"), and 42 U.S.C. § 2000. (Complaint ("Compl."), Dkt. No. 1).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues J. Lewis ("Defendant"), Deputy Director of Policy and Risk Management Services for California Correctional Health Care Services ("CCHCS") in both his individual and official capacities. (Compl. at 3).[2]

The substantive allegations of the Complaint allege that, as an inmate "in the custody of the California Department of Corrections and Rehabilitation," Plaintiff filed an ADA Reasonable Modification or Accommodation Request for a "walking cane, back

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

[2] The Court will cite to the Complaint and its attachments as though they were consecutively paginated.

2

brace, mattress supporter, mobility impaired vest, and a lower tier chrono [sic] to no avail." (Id. at 6). The Complaint further states that Defendant denied Plaintiff's third level appeal. (Id.).

Attachments to the Complaint provide further detail regarding Plaintiff's claims. Plaintiff was at all relevant times an inmate at the California State Prison-Los Angeles County ("CSP-LAC"). (Id. at 11). Plaintiff's initial Reasonable Accommodation Request, dated September 13, 2016, stated that he had "a physical disability due to lower back pain" and was "having difficulty walking distances, climbing stairs/sitting and laying down." (Id.). On September 28, 2016, Plaintiff filed an appeal, stating that the prison denied his accommodation request "without having [him] examined by a doctor, discriminating against [him]." (Id. at 10).

On February 15, 2017, Defendant, on behalf of CCHCS, denied Plaintiff's third level appeal because there was "no documentation that [Plaintiff's] primary care provider determined [that there was] a medical necessity for a lower tier [sic], mattress supporter, mobility vest, back brace and walking cane." (Id. at 8). Defendant also wrote that on October 24, 2016, Plaintiff attended a follow-up primary care physician evaluation and received an x-ray showing mild degenerative changes of the lumbar spine, noting that there was a plan of care in place that Plaintiff's doctor had discussed with him. (Id.).

Plaintiff seeks $10,000 in compensatory damages for "pain and suffering" and injunctive relief ordering CCHCS to accommodate his request for the following "medical necessities: (1) [a] walking cane, (2) [a] back brace. (3) [a] mattress, (4) [a] mobility impaired vest, [and] (5) [a] lower tier chrono." (Id. at 7).

**III.**

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). For reasons discussed below, it is not "absolutely clear" that the defects of Plaintiff's Complaint could not be cured by amendment. Accordingly, the Complaint is DISMISSED with leave to amend.

**A. Lewis Is An Improper Defendant Because Plaintiff Does Not Have A Right To A Particular Grievance Procedure Or Outcome**

The gravamen of Plaintiff's claims is that Defendants wrongly denied his request for reasonable accommodations. (Compl. at 5). Lewis's only involvement in the denial was that as the Deputy Director of Health Care Appeals for the CCHCS, he signed the letter denying Plaintiff's third level grievance appeal. Though a

4

prisoner must "exhaust his administrative remedies before filing a lawsuit concerning prison conditions," <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 821 (9th Cir. 2010) (citing 42 U.S.C. § 1997e(a)), the denial of a grievance, without more, is insufficient to establish liability. <u>See</u> <u>Shehee v. Luttrell</u>, 1999 F.3d 295, 300 (6th Cir. 1999). Additionally, there is no constitutional right to a particular grievance process. <u>Mann v. Adams</u>, 855 F.2d 639 (9th Cir. 1988).

Here, Plaintiff merely alleges that Defendant denied his appeal. (Compl. at 5). However, a plaintiff "cannot state a constitutional claim based on his dissatisfaction with the grievance process. Where the defendant's only involvement in the allegedly unconstitutional conduct is 'the denial of administrative grievances or the failure to act, the defendant cannot be liable under § 1983.'" <u>Grenning v. Klemme</u>, 34 F. Supp. 3d 1144, 1157 (E.D. Wash. 2014) (quoting <u>Shehee</u>, 199 F.3d at 300). Accordingly, the Complaint is dismissed, with leave to amend.

**B.** **<u>Plaintiff Fails To Allege A Deliberate Indifference Claim</u>**

Plaintiff attempts to state a constitutional claim based on the failure to accommodate his medical needs. To state an Eighth Amendment claim based on a prisoner's medical treatment, a prisoner must demonstrate that the defendant was "deliberately indifferent" to his "serious medical needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish a "serious medical need," the prisoner must demonstrate that "failure to treat a prisoner's

condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted).

To establish the defendant's "deliberate indifference" to a serious medical need, a plaintiff must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." (Id.). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (Id.) (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk.

The Complaint fails to state a deliberate indifference claim. First, the Complaint's conclusory language does not clearly establish that Plaintiff has or had a serious medical need. (Compl. at 5). Exhibits attached to the Complaint indicate that his chief complaint is lower back pain that was treated with Tylenol. (Id. at 17). It is not clear that Plaintiff's back pain was a "serious medical need." Even if it were, Plaintiff has not demonstrated deliberate indifference to that serious medical need.

The Complaint also fails to allege that Defendant was subjectively aware of Plaintiff's serious medical needs but chose to ignore them. In the letter denying Plaintiff's appeal, Defendant notes that Plaintiff attended a follow-up appointment

with his doctor, received an x-ray showing mild degenerative disease in the lumbar spine, and had a "plan of care" in place that his physician reviewed with him. (Id.). These exhibits do not demonstrate a deliberate indifference to medical needs claim. Furthermore, the named defendant does not appear to be a proper defendant for such a claim, as he did not provide medical treatment to Plaintiff nor was he involved in Plaintiff's medical care. Accordingly, to the extent that Plaintiff is attempting to assert a deliberate indifference claim, the claim is dismissed, but with leave to amend.

C.  **Plaintiff Fails To State A Claim Under The ADA**

Plaintiff also unsuccessfully attempts to state a claim for relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Title II of the ADA, which "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability on account of that individual's disability,' [] covers inmates in state prisons." Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 208 (1998) (quoting 42 U.S.C. § 12132). To achieve compliance with the Act, "Title II authorizes suits by private citizens," including prisoners, "for money damages against public entities that violate § 12132." United States v. Georgia, 546 U.S. 151, 154 (2006) (sovereign immunity does not protect states from ADA claims by state prisoners).

To state a claim under § 12132 of Title II, a plaintiff must allege that:

> "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (inmate's failure to show that his "exclusion from outdoor recreation [by jail officers] was by reason of his depression" was fatal to his Title II claim) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)).

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons, 609 F.3d at 1022 (emphasis added) (county jail's failure to "lessen [inmate's] depression" by offering programs or activities "is not actionable under the ADA"). The mere provision of inadequate medical care does not state a claim under the ADA. Id. (citing Bryant v. Madigan, 84 F.3d 426, 429 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a

remedy for medical malpractice.")); see also Elbert v. N.Y. State Dept. of Corr. Servs., 751 F. Supp. 2d 590, 595 (S.D. N.Y. 2010) ("Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability.") (citing cases); Carrion v. Wilkinson, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (inmate failed to state ADA claim where he alleged only that the prison had refused to provide him with a diabetic diet, but did not allege that prison officials denied the him "the benefits of any services, programs, or activities provided for other non-disabled inmates, or that they subjected him to discrimination because of his diabetes").

Plaintiff's conclusory allegations do not establish an ADA claim. Plaintiff must allege facts showing that the prison's purported refusal to accommodate his disability prevented him from enjoying the benefits of services, programs or activities provided to non-disabled prisoners, and that he was discriminated against because of his disability. Accordingly, Plaintiff's ADA claim is dismissed, with leave to amend.

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any

amended complaint, the Plaintiff shall cure the defects described above.  **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.**  The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."  **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>**  In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims.  Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law or include legal argument.  **Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint or failure to correct the deficiencies described above, will result in a recommendation that this action**

**be dismissed with prejudices for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).** <u>**Plaintiff is further advised that is he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**</u>

DATED: June 2, 2017

                                            /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE